ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| IGLESIA DE ORACIÓN CASA DE DIOS Y PUERTA DEL CIELO, INC.<br><br>Recurrente<br><br>v.<br><br>OFICINA DE PERMISOS URBANÍSTICOS DEL MUNICIPIO DE GUAYNABO<br><br>Recurrida<br><br>MARTHA I. RAMÍREZ VEGA, ROCÍO ALONSO SANTIAGO, ANNETTE RAMÍREZ DÍAZ, ANA Y. CRUZ CABRERA, JULIO C. APONTE RIVERA, MARISOL ROSSI GONZÁLEZ, ADRIANA ESPINO FIRPI, DOMINGO MARRERO, ANA MARRERO, RAÚL E. ROSADO RAMÍREZ<br><br>Partes Interventoras | TA2026RA00073 | REVISIÓN procedente de la Oficina de Permisos Urbanísticos del Municipio de Guaynabo<br><br>Caso Número: 2024-589188-CUB-011744<br><br>Catastro Núm. 114-025-121-08-800<br><br>Sobre: Solicitud de Permiso de Consulta de Ubicación |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero

Ortiz Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico a 8 de abril de 2026.

Comparece la Iglesia de Oración Casa de Dios y Puerta del Cielo, Inc. (Iglesia o parte recurrente) mediante una *Revisión Administrativa* para solicitarnos la revisión de la *Resolución* emitida, el 21 de enero de 2026, por la Oficina de Permisos Urbanísticos del Municipio Autónomo de Guaynabo (Oficina de Permisos Urbanísticos de Guaynabo o parte recurrida).[1] Mediante la *Resolución* recurrida, la Oficina de Permisos Urbanísticos de Guaynabo denegó una Solicitud de Consulta de Ubicación, presentada por la parte recurrente.

---

[1] SUMAC, TPI, a la Entrada Núm. 2.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso por falta de jurisdicción por prematuro.

**I**

Según surge del recurso de la parte recurrente, la Iglesia presentó una Solicitud de Permiso de Consulta de Ubicación ante la Oficina de Permisos Urbanísticos de Guaynabo para la construcción de una iglesia, ubicada en el Municipio de Guaynabo en la Carretera PR-838, Km. 1.4 Interior, Sector Los Catalá, Barrio Frailes.[2] Surge, además, que se celebraron unas vistas públicas el 26 de junio, 14 de agosto y 9 de septiembre de 2025 y que, posteriormente, se le concedió a las partes veinte (20) días, para someter documento final para expresar sus posiciones en torno a la evaluación de la prueba presentada sobre la procedencia de la autorización de la consulta de ubicación, evaluada y sometida a escrutinio público.

En cumplimiento con lo ordenado, el 29 de septiembre de 2025, la Iglesia presentó un *Memorial Post Vista* ante la Oficina de Permisos Urbanísticos de Guaynabo.[3] En este, alegó que no se pudo establecer que la propuesta no era una viable ni que la misma incumplía con las expectativas reglamentarias.

Por su parte, ese mismo día, la parte interventora instó una *Moción Sometiendo Argumentación de la Parte Interventora en Relación con la Solicitud de Permiso de Autos* ante la Oficina de Permisos Urbanísticos de Guaynabo.[4] En esencia, alegó que la solicitud de permiso carecía de méritos que justificaran el permiso solicitado. Lo anterior, debido a que la parte recurrente incurrió en serias deficiencias e incumplimientos del proceso de solicitud de permiso y con los requisitos que contempla la reglamentación de planificación. En consecuencia, solicitó que se denegara el permiso solicitado por la parte recurrente y se ordenara el archivo de la solicitud, con perjuicio.

---

[2] SUMAC TA, a la Entrada Núm. 1.
[3] SUMAC TPI, a la Entrada Núm. 3, Apéndice 19, págs. 172-178.
[4] SUMAC TPI, a la Entrada Núm. 3, Apéndice 20, págs. 179-184.

Posteriormente, el 21 de enero de 2026, la Oficina de Permisos Urbanísticos de Guaynabo emitió una *Resolución* mediante la cual denegó una Solicitud de Consulta de Ubicación, presentada por la parte recurrente.[5] Conviene mencionar que no se desprende que la fecha de la notificación de dicha *Resolución* conste certificada.

De ahí, el 26 de enero de 2026, la parte recurrente presentó una *Moción para que se nos notifique resolución emitida* ante la Oficina de Permisos Urbanísticos de Guaynabo para que le notificara de la *Resolución* emitida, toda vez que fue notificada a un correo electrónico erróneo.[6]

Al día siguiente, la Oficina de Permisos Urbanísticos de Guaynabo emitió un correo electrónico, mediante la Arq. Teresa M. Delgado Díaz, en el cual le remitió a la parte recurrente la *Resolución* emitida el 21 de enero de 2026.[7]

Inconforme con dicha determinación, el 20 de febrero de 2026, la parte recurrente interpuso un recurso de revisión en el cual esbozó la comisión de los siguientes dos (2) errores:

> PRIMER ERROR: Erró en derecho la Oficina de Permisos Urbanísticos del Municipio de Guaynabo ya que su Resolución denegatoria no está de acuerdo con la sustancialidad del expediente y los requerimientos hechos por ésta para establecer la concesión de la excepción en uso para la construcción de la Iglesia de Oración Casa de Dios y Puerta del Cielo, Inc.

> SEGUNDO ERROR: Erró en derecho la Oficina de Permisos Urbanísticos del Municipio de Guaynabo porque su dictamen es discriminatorio contra la entidad que allí se propone haciendo Conclusiones de Derecho contraria a la prueba.

Mediante *Resolución* emitida el 6 de marzo de 2026, concedimos a la parte recurrida hasta el 24 de marzo de 2026, para expresarse en torno al recurso. El 24 de marzo de 2026, compareció la parte recurrida mediante *Alegato de la Oficina de Permisos urbanísticos en oposición al Recurso de Revisión*. Habiendo quedado perfeccionado el recurso ante nos, procederemos a disponer del mismo.

---

[5] SUMAC TPI, a la Entrada Núm. 2.
[6] SUMAC TPI, a la Entrada Núm. 3, Apéndice 2, págs. 11-12.
[7] SUMAC TPI, a la Entrada Núm. 3, Apéndice 3, pág. 13.

**II**

**A**

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración. *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685, 698 (2024); AAA v. UIA, 199 DPR 638, 651-652 (2018). Los tribunales adquieren jurisdicción por virtud de ley, por lo cual no pueden arrogársela, ni las partes pueden otorgársela. *Ríos Martínez, Com. Alt. PNP v. CLE*, 196 DPR 289, 296 (2016). Es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen". *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Igualmente, nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada. *R&B Power, Inc. v. Junta de Subasta ASG,* supra, a la pág. 698. De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias. *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372 (2018). Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos. *R&B Power, Inc. v. Junta de Subasta ASG,* supra, a la pág. 698. De lo contrario, cualquier dictamen en los méritos será nulo y no podrá ejecutarse. *Bco. Santander v. Correa García*, 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007). Es decir, una sentencia dictada sin jurisdicción por un tribunal es una sentencia nula en derecho y, por tanto, inexistente. *Montañez v. Policía de P.R.*, 150 DPR 917, 921-922 (2000).

Como corolario de lo anterior, el Tribunal Supremo de Puerto Rico ha desarrollado el principio de la justiciabilidad, el cual recoge una serie de doctrinas de autolimitación basadas en consideraciones jurisprudenciales que prohíben al foro judicial emitir opiniones consultivas. *ELA v. Aguayo*,

80 DPR 552, 595 (1958); Véase, además, R. Elfrén Bernier y J.A. Cuevas Segarra, *Aprobación e interpretación de las leyes en Puerto Rico*, 2da ed., San Juan, Ed. Pubs. JTS, 1987, pág. 147. Además, el aludido principio persigue evitar emitir decisiones en casos en los cuales realmente no existe una controversia, o dictar una sentencia que no tendrá efectos prácticos sobre un asunto. *Moreno v. Pres. U.P.R. I*, 178 DPR 969, 973 (2010). En ese contexto, un caso no es justiciable cuando: (i) se trata de resolver una cuestión política; (ii) una de las partes carece de legitimación activa para promover un pleito; (iii) después de comenzado el litigio hechos posteriores lo tornan en académico; (iv) las partes pretenden obtener una opinión consultiva, y (v) cuando se pretende promover un pleito que no está maduro. *Crespo v. Cintrón*, 159 DPR 290, 298 (2003).

En nuestra función revisora, un recurso judicial es prematuro cuando el asunto del cual se trata no está listo para adjudicación; esto es, cuando la controversia no está debidamente delineada, definida y concreta. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366-367 (2001). Como ha pronunciado reiteradamente el Tribunal Supremo, un recurso prematuro adolece del insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. *Juliá et al. v. Epifanio Vidal, S.E.*, *supra*, a la pág. 365. Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo. *Torres Alvarado v. Madera Atiles, supra*, a la pág. 501; *Juliá et al. v. Epifanio Vidal, S.E., supra*, a la pág. 366.

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, confiere facultad a este Tribunal para a iniciativa propia, o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción. *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a la pág. 110, 215 DPR __ (2025).

**B**

La Ley para la Reforma del Proceso de Permisos de Puerto Rico (Ley Núm. 161) fue promulgada a los fines de establecer el marco legal y

administrativo para la solicitud, evaluación, concesión y denegación de permisos por el Gobierno de Puerto Rico. Ley 161-2009, 23 LPRA sec. 9011 nt. *et seq.* A su vez, mediante esta ley se facultó a la OGPe y a los Municipios Autónomos con Jerarquía de la I a la V para emitir determinaciones finales y permisos. Exposición de Motivos de la Ley Núm. 161, *supra*. Una parte adversamente afectada por cualesquiera de las antedichas determinaciones podrá presentar una solicitud de revisión administrativa ante la División de Revisiones Administrativas de la OGPe, dentro del término jurisdiccional de veinte (20) días, contados a partir de la fecha de archivo en autos, de copia de la notificación de la actuación o determinación final. Art. 11.6 (a) de Ley Núm. 161, 23 LPRA § 9021r. En iguales condiciones, podrá acudir al Tribunal de Apelaciones, dentro del término de treinta días (30). *Id.,* Art. 11.8, 23 LPRA § 9021t. Ahora bien, la presentación de una solicitud de revisión administrativa no es un requisito jurisdiccional para presentar un recurso ante el Tribunal de Apelaciones. Empero, la presentación oportuna de la mencionada solicitud paralizara el término para acudir al referido foro.

Para posibilitar la revisión administrativa de una determinación final o un permiso, es necesario que la notificación cumpla con lo establecido por el Artículo 8.8 de la Ley Núm. 161, el cual indica lo siguiente:

> La Oficina de Gerencia de Permisos, los Municipios Autónomos con Jerarquía de la I a la V y los Profesionales Autorizados **notificarán copia de toda determinación final, en cumplimiento con los reglamentos aplicables.** Además, notificarán copia de dicha determinación y de los permisos a la Oficina de Gerencia de Permisos y a las entidades gubernamentales concernidas, según aplique, dentro del término de dos (2) días laborables a partir de su expedición. **La fecha de esta notificación, en aquellos casos en que aplique, deberá aparecer certificada en el texto de la determinación final y será considerada como la fecha de archivo en autos de la determinación final de que se trate, para propósitos de revisión. 23 LPRA § 9018g.**

En aquellos casos en los cuales se incumpla con los requerimientos esbozados en el Artículo 8.8, la notificación será defectuosa y el foro revisor estará privado de jurisdicción para entender en el asunto en disputa. *St. James Sec. v. AEE,* 2023 TSPR 149, 213 DPR ___ (2023). Además, no se

le podrán oponer los términos jurisdiccionales a la parte que no ha sido notificada de la determinación conforme a derecho. *Comisión Ciudadanos v. G.P. Real Property*, 173 DPR 998, 15 (2008). A esos efectos cualquier recurso que se presente para impugnar los méritos de la decisión sería prematuro. *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 538 (2019).

**III**

En el presente recurso, se recurre de una *Resolución* emitida por la Oficina de Permisos Urbanísticos de Guaynabo mediante la cual denegó una Solicitud de Consulta de Ubicación, presentada por la parte recurrente. En el recurso, la recurrente nos invita a concluir que Oficina de Permisos Urbanísticos de Guaynabo se equivocó al denegar dicha solicitud.

Luego de haber evaluado el expediente en su totalidad, que incluye la *Resolución* objeto de revisión, observamos que la *Resolución* emitida por la Oficina de Permisos Urbanísticos de Guaynabo **no cuenta con una fecha de notificación certificada en el texto de la determinación final**, según requiere el Artículo 8.8 de la Ley Núm. 161. En vista de ello, colegimos que **la notificación fue defectuosa**.

Conforme esbozamos, ante una notificación defectuosa esta Curia no tiene jurisdicción para entender en el asunto en disputa, por consiguiente, el recurso presentado por la parte recurrente es prematuro. Lo anterior, no limita a la parte que así lo entienda, a que una vez la determinación se notifique correctamente, pueda ejercer los derechos que nuestro ordenamiento jurídico provee.

**IV**

Por los fundamentos que anteceden, se **desestima** el recurso de revisión por falta de jurisdicción por prematuro.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones